■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS GRUESO CAMACHO, Appellant. [914 NYS2d 895]—

Judgment of resentence, Supreme Court, New York County (Bonnie G. Wittner, J.), rendered June 10, 2008, resentencing defendant to an aggregate term of 28 years, unanimously modified, as a matter of discretion in the interest of justice, to further reduce the sentences on counts two and three of the indictment to 14 years, resulting in a new aggregate term of 22 years, and otherwise affirmed.

By judgment, same court and Justice, rendered April 1, 1996, defendant was convicted, after a jury trial, of three counts of criminal possession of a controlled substance in the first degree and one count of conspiracy in the second degree. Defendant was sentenced to 20 years to life on one possession count, to be served consecutively to two concurrent terms of 15 years to life on the other two possession counts and a concurrent term of $8^{1}/_{3}$ to 25 years on the conspiracy count. The judgment was unanimously affirmed (262 AD2d 238 [1999], lv denied 93 NY2d 1015 [1999]).

Pursuant to the Drug Law Reform Act of 2004 (L 2004, ch 738 [2004 DLRA]), Supreme Court resentenced defendant to concurrent determinate terms of 20 years on two of the possession counts, to run consecutively to a determinate term of eight years on the third possession count, for a total of 28 years, all to run concurrently with the term of $8^{1}/_{3}$ to 25 years on the conspiracy count.

The 2004 DLRA provides that, in reviewing an application for

resentencing, a court may consider any facts or circumstances relevant to the imposition of a new sentence that are submitted by a defendant or the People and may, in addition, consider the defendant's institutional record of confinement (L 2004, ch 738, § 23). Notwithstanding our determination on defendant's interlocutory appeal (50 AD3d 426 [2008]), upon further consideration of the particular circumstances before us, including the fact that this was defendant's first conviction, the strong statements in support of defendant's application, including submissions by Department of Correctional Services employees, and defendant's continuing flawless disciplinary history and stellar record of post-incarceration achievement, we reduce defendant's sentence to a new aggregate term of 22 years. Concur—Andrias, J.P., Saxe, Moskowitz, Acosta and Freedman, JJ.